ERIC A. LIEPINS
ERIC A. LIEPINS, P.C.
12770 Coit Road
Suite 850
Dallas, Texas 75251
(972) 991-5591
(972) 991-5788 - telecopier

PROPOSED ATTORNEY FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| LS MOTORCARS, LLC | § | CASE NO. 21-40441-11 |
| | § | |
| DEBTOR | § | |

DEBTOR'S STATUS REPORT PURSUANT TO 11 U.S.C. § 1188

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, LS Motorcars, LLC., Debtor in the above styled and numbered cause, and files this its Status Report Pursuant t o11 U.S.C. § 1188 ("Report") and in support thereof would respectfully show unto the Court as follows:

1.  On or about March 26, 2021 Debtor filed its Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code ("Code").

2.  The Debtor elected to proceed under Sub-Chapter V of the Code.

3.  Pursuant to 11 U.S.C. § 1188 (c) the Debtor files this its Status Report.

4.  At the time of filing, the Debtor has the following debts:

    **Secured claims**

Small Business Administration for $150,000

Next Gear Capital for approximately $185,000

Primalend for approximately $462,000

**Priority claims**

Texas Workforce Commission for $29,000

Dallas County for approximately $39,000

**Unsecured claims**

The Debtor has approximately $2,600,000 to 9 unsecured creditors, with one creditor making up about 65% of the total.

5. The Debtor's business consists of the sale of used cars.

6. The bankruptcy was filed as a result of a slow down in the used car market during the pandemic. Along with a judgment creditor who was aggressively seeking collection and threatening the Debtor.

7. Under the Debtor's operation it use floor planners to finance part of its operations. Under the normal terms, the Debtor would purchase a car financed by a floor planner and upon the sale of the vehicle the Debtor would pay the floor planner who would in turn deliver the title to the vehicle to the Debtor to be transferred to the purchaser.

8. One of the Debtor's floor planners was Primalend. Primalend is now Good Floor Loans ("Good") . In the course of operations, there were times when the Debtor sold a vehicle floor planned by Good and although Good delivered the title to the vehicle which the Debtor then delivered to the purchaser, the Debtor had not paid Good for that vehicle.

9. It is the Debtor's position that in October 2020, the Debtor and Good met and the Debtor and Good resolved any shortfall by the Debtor providing Good with additional collateral. Good disagrees with this position.

10. The Debtor is in the process of reviewed all transactions with Good and believes that no monies are owed to Good which are not covered by the vehicles floor planned by Good which remain on the Debtor lot.

11. The Debtor floor planned certain vehicles with Next Gear Finance. The Debtor believes all vehicles floor planned by Next Gear are accounted for and Next Gear and the Debtor continue to operate.

12. The Debtor obtained certain monies to Texas Security Bank. It appears certain vehicles were placed with Texas Security Bank as collateral for the loan. Those vehicle were apparently sold pre-bankruptcy and any proceeds were not paid to Texas Security Bank.

13. The Debtor also obtained a economic disaster loan from the Small Business Administration secured by any assets of the Debtor.

14. After the filing of the case, the Debtor entered into agreements with its secured creditors to continue operations. The Debtor and Good currently do not agree on the amount owed to Good and the collateral which secures any amount.

15. The Debtor has begun operating with DAX Auto Auction which is providing the Debtor with cars to be sold.

16. It is the Debtor's intention to complete its current floor plan arrangements with Next Gear and Good. Thereafter, the Debtor will not use floor plan financing but instead will either continue the arrangement with DAX or use its own funds to

purchase new inventory.

17. The Debtor's current assets consist of approximately 65 vehicles only approximately 4 are not subject to the current lien claims of Next Gear, Good or DAX.

18. Once it is determined what amount, if any, the Debtor owes to Good, it is the Debtor's plan to continue to operate and use the proceeds from the operations to make payments to the creditors.

19. The Debtor shall pay any amounts owed to secured creditors and priority creditors and then dedicate all excess proceeds to the unsecured creditors.

20. The Debtor at the present time does not have a complete determination of the amounts owed to the secured creditors in order to project the possible dividend to unsecured creditors.

21. It is the Debtor's intention to timely file its Plan of Reorganization and believes that the plan will repay the secured creditors in full and provide a dividend to the unsecured creditors.

Respectfully submitted,

ERIC A. LIEPINS, P.C.
12770 Coit Road, Suite 850
Dallas, Texas 75251
(972) 991-5591
(972) 991-5788 - fax

BY: /s/ Eric Liepins
    ERIC A. LIEPINS, SBN 12338110

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was sent to all creditors and the Subchapter V Trustee, the United States Trustee via mail on this the 27th day of April 2021.

                                                       /s/ Eric Liepins_____
                                                Eric A. Liepins