IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE: | § |
| | § CASE NO. 21-40441-btr |
| | § |
| LS MOTORCARS, LLC | § |
| | § |
| DEBTOR. | § CHAPTER 11 |
| | § |

**FINAL ORDER**
**AUTHORIZING USE OF CASH COLLATERAL**

ON THIS DAY the Court held the final hearing on the Debtor's Emergency Motion to Use Cash Collateral filed on March 26, 2021 [Docket # 3] (the "Motion"). Based on the Motion, the argument of counsel and the evidence presented, the Court finds as follows:

A.  The Debtor has requested that it be allowed to use claimed or potential cash collateral pursuant to sections 361, 363(c), and 552 of the United States Bankruptcy Code and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure of Good Floor Loans LLC ("Good"), NextGear Capital, Inc. ("NextGear"), Dallas County and the Small Business Administration ("SBA") (each a "Secured Creditor" and collectively, the "Secured Creditors") in order to provide funds to be used solely for such purposes set forth in the interim budget (the "Budget"), attached hereto as Exhibit "A," in order to avoid immediate and irreparable harm to the Debtor's estate which will occur if this Motion is not approved.

B.  Having considered the evidence and the agreements of the parties the Court finds the use of cash collateral is in the best interests of the Debtor and the creditors of the estate.

---

**FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL – Page 1 of 9**
4847-6032-8937.6

C.   The Court finds and concludes that the Motion was made pursuant to subsections (a), (b), or (c) of Rule 4001(d), Federal Rules of Bankruptcy Procedure, and that the contents of and the notice of the Motion were sufficient to afford reasonable notice of the material provisions of the agreement and an opportunity for a hearing.

D.   Secured Creditors claim or may claim a security interest or liens in property of the Debtor consisting of, among other things, Debtor's accounts receivable and inventory.

E.   Except for vehicles financed through NextGear, Good Floor's collateral consists of vehicles financed by Good Floor and all other personal property of the Debtor[1] (collectively, the "Good Floor Collateral").

Accordingly, it is therefore ORDERED that the Debtor is hereby authorized to use the Secured Creditors' claimed cash collateral to pay expenses listed in the Budget, and only in accordance with the terms and conditions contained in the Budget and provided for in this Order; it is further

ORDERED that any Secured Creditor shall hold possession of all motor-vehicle Certificates of Title for any and all remaining motor-vehicle inventory financed by that Secured Creditor or that constitutes such Secured Creditor's applicable collateral, including the Good Floor Collateral, located on Debtor's lot or in Debtor's possession, custody, control, or ownership as of the bankruptcy filing date of March 26, 2021, including any Debtor subsequently-acquired post-petition trade-in motor-vehicles (each, "NextGear Vehicle Inventory" or "Good Vehicle Inventory" respectively and

---

[1] Good Floor Collateral includes, but is not limited to, the Debtor's present and future accounts, inventory (including without limitation, motor vehicles), chattel paper (including electronic chattel paper), commercial tort claims, commodity accounts, commodity contracts, deposit accounts, documents, financial assets, general intangibles, health care insurance receivables, instruments, intellectual property, investment property, letters of credit, letter of credit rights, payment intangibles, securities, security accounts, security entitlements, goods (including without limitation, all raw materials, work in process and finished goods), equipment, fixtures and all proceeds thereof.

collectively, the "Secured Creditors' Inventory"); it is further

ORDERED that the Secured Creditors are authorized to coordinate directly with any funding source of Debtor or auction and exchange original Certificates of Title for the respective Secured Creditors' Inventory for sale proceeds funding delivered directly to that Secured Creditor, and the Secured Creditors further have authority to endorse, on behalf of Debtor, and deposit any checks or drafts payable to the Debtor which are paid on account of the sale of the respective Secured Creditor's collateral or Debtor shall assign such checks or drafts payable to the Debtor to such Secured Creditor. Upon the deposit and receipt any sales proceeds related to the sale of the respective Secured Creditors' Inventory, the Secured Creditor shall release the title to such vehicle constituting part of the Secured Creditors' Inventory (each, a "Secured Creditor's Vehicle") to such funding source of Debtor or auction within two (2) business days; it is further

ORDERED that the Debtor is authorized to continue to sell the Secured Creditors' Inventory and other motor-vehicles, including such vehicles covered under Good Floor Collateral, subject to the terms of this Final Order. For any sale of the Secured Creditors' Inventory or Good Floor Collateral as permitted and authorized herein, Debtor shall: (i) pay the sales proceeds of such sold NextGear Inventory to NextGear by ACH transaction, to be initiated by Debtor by sending an e-mail authorization for such payment to ngc.risk-dram@coxautoinc.com, and (ii) pay the sales proceeds of such sold Good Inventory or Good Floor Collateral to Good at 10300 N. Central Expressway, Suite 410, Dallas, TX 75231, made to the attention of Mark Jensen, with such payment to Good to be in certified funds, together with the Certificates of Title (Original) for any trade-in vehicle acquired by Debtor as part of any post-petition sale of a Secured Creditor's Vehicle. Sales proceeds shall be delivered by Debtor to the Secured Creditor within forty-eight (48) hours of receipt, with such sales proceeds (excluding fees for tax, title, and registration) being endorsed payable to the Secured

Creditor; it is further

ORDERED, to the extent Debtor has possession, custody, or control of the Certificates of Title to any Secured Creditor's Vehicle, Debtor shall tender such titles to the Secured Creditor within three (3) business days of entry of this Final Order or, with respect to any future trade-in vehicles, within three (3) business days of obtaining possession of such Certificates of Title, by delivering such Certificates of Title of NextGear to counsel for NextGear at Padfield & Stout, L.L.P. at 420 Throckmorton Street, Suite 1210, Fort Worth, Texas 76102 and by delivering such Certificates of Title of Good to 10300 N. Central Expressway, Suite 410, Dallas, TX 75231, to the attention of Mark Jensen; it is further

ORDERED that, notwithstanding anything else to the contrary in this Final Order, Debtor shall not sell any Secured Creditor's Vehicle or vehicles covered under Good Floor Collateral for less than the full payoff and AMOUNT DUE for any given Secured Creditor's Vehicle or Good Floors Collateral without prior written consent by that Secured Creditor which will not unreasonably be withheld by the Secured Creditor; it is further

ORDERED that Debtor and Debtor's customers may solely drive any Secured Creditor's Vehicles for purposes of test driving such Secured Creditor's Vehicle, and the test drive period shall not exceed two (2) hours and the Secured Creditor's Vehicle shall be returned to 309 West Avenue B, Garland, Texas 75040 ("Debtor's Lot") after such two-hour period has expired. Neither Debtor nor Debtor's customers may use or drive any Secured Creditor's Vehicle as an overnight loaner vehicle. Each unsold Secured Creditor's Vehicle shall be returned to Debtor's Lot before the close of business and remain on the Debtor's Lot overnight under all circumstances, it is further

ORDERED that if Debtor desires to run any Secured Creditor's Vehicle to auction for sale, Debtor must request the consent of the Secured Creditor at least three (3) days prior to the auction

sales date, together with the reserve amount and minimum sales price the Debtor desires the Secured Creditor's Vehicle to be sold at the auction. The Secured Creditor shall have until noon the following day to advise Debtor in writing whether the Secured Creditor objects to Debtor running the Secured Creditor's Vehicle through auction. However, under no circumstances is Debtor permitted to sell any Secured Creditor's Vehicle at auction for less than the Amount Due on such Secured Creditor's Vehicle;

IT IS FURTHER ORDERED that if a Secured Creditor's Vehicle is moved to another location for repairs, Debtor shall provide written notice to Secured Creditor regarding the location of the vehicle for such repairs, and update such Secured Creditor on the length of time needed for the repair, if such Secured Vehicle is not returned to the Debtor's lot on the same day.

IT IS FURTHER ORDERED, upon an Event of Default, the respective Secured Creditor shall be required file a notice of such alleged default under this Final Order with the Bankruptcy Court and if the default is not cured within the time period specified in the remainder of this paragraph, the Debtor right to use Cash Collateral shall be terminated. The Debtor shall have three (3) business days after notice to cure any violation;

IT IS FURTHER ORDERED that contemporaneous with the entry of this order, the Secured Creditors will mail, via postage, pre-paid, U.S. Mail, to each creditor and party-in-interest a "Notice of the Secured Creditors' Intent to Obtain Relief from the Automatic Stay of Section 362(a)" (the "Intent Notice") as to the Secured Creditors' Inventory securing the indebtedness to each Secured Creditor. However, relief from the automatic stay is stayed until such time that a Secured Creditor files a Notice of Default with the Court as to the Debtor's violation of any provision of this order. The Notice of Default must be served electronically through the Court's CM/ECF system upon Debtor's counsel. Notice to Debtor's counsel shall serve as Notice to the Debtor. Upon receipt of

such Notice, the Debtor shall have three (3) business days to either file an objection to the Notice or to cure the default. If the Debtor files an objection, the Court shall hold an expedited hearing on the Secured Creditors' Notice and Debtor's objection. Any creditor or party-in-interest who objects to Secured Creditors' intent to seek relief from the automatic stay upon a future event of default must file with the Clerk of the Court a written objection stating the reason for the objection within fourteen (14) days of receipt of the Intent Notice. Following receipt of any subject objection, the Court shall hold an expedited hearing on the objection.

IT IS FURTHER ORDERED, that within 48 hours of Debtor's receipt of notice or knowledge, Debtor shall notify any Secured Creditor via e-mail for NextGear to abp@padfieldstout.com, to Dallas County at laurie.spindler@lgbs.com and by e-mail to Good at sbeausoleil@foley.com, if a bonded-title claim is asserted as to the Certificate of Title of any Secured Creditor's Vehicle and if a workers/mechanics' lien is asserted, if a storage/towing lien is asserted on any Secured Creditor's Vehicle;

IT IS FURTHER ORDERED, that Debtor shall notify each Secured Creditor's counsel via e-mail if Debtor closes its place of business for more than three consecutive days;

IT IS FURTHER ORDERED, that Debtor shall notify each Secured Creditor's' counsel via e-mail if Debtor moves its computer server off-site for more than three days;

IT IS FURTHER ORDERED that Secured Creditors shall be entitled to conduct lot audits of Debtor's premises with reasonable notice to Debtor. During such lot audits, Debtor shall make all documents and records available to the Secured Creditor's personnel and also provide the location of each Secured Creditor's Vehicle subject to the audit;

IT IS FURTHER ORDERED that, as adequate protection to the Secured Creditors for the continued use of their claimed cash collateral,

1) Secured Creditors of the Debtor shall receive replacement liens on post-petition accounts receivable and cash as adequate protection, which replacement liens shall be held by the Secured Creditors in the same extent, validity, priority, and value as they existed against all of the assets prior to the petition date;

2) Such replacement liens shall secure an amount equal to the sum of the aggregate diminution, if any, subsequent to the petition date, in the value of the claimed cash collateral of the respective Secured Creditors, provided this grant (i) shall be subject to any prior perfected liens, and (ii) the exercise and enforcement of this lien remains subject to the Court's determination that a diminution has occurred;

3) Debtor will maintain insurance coverage on all inventory and other property constituting the Secured Creditors' collateral;

4) Debtor shall provide to each Secured Creditor a weekly budget report on Monday by 5 p.m. Central for the preceding week, which: (a) identifies in detail (i) the sources of income and (ii) the expenditures incurred and (b) provides a breakdown of the estimate to actual on a budget line item basis.

5) Debtor will provide the Secured Creditors copies of its Monthly Operating Reports at the same time the Reports are filed with the Court;

6) Debtor shall continue to file all reports with and remit all requisite funds owed on each motor vehicle sale to Dallas County as required by Chapter 23 of the Texas Tax Code;

7) Debtor will provide to Secured Creditor on a weekly basis by e-mail to NextGear at abp@padfieldstout.com and carisco@padfieldstout.com, to Dallas County at laurie.spindler@lgbs.com and to Good at pwright@primalend.com and sbeausoleil@foley.com by Noon on Monday of each week: the status of Secured Creditor's Vehicles, with such report to include copies of retail installment contracts, buyer's orders, odometer disclosure statements, copies of third-party lender funding approval for purchasers, signed applications for certificates of title, and other sales documents associated with any Secured Creditor's Vehicle sold on the previous day. The sales price of a Secured Creditor's Vehicle may include the value associated with a trade-in; however, for any proposed sale of any Secured Creditor's Vehicle involving a customer trade-in vehicle, the Secured Creditor must consent to the trade-in value assigned by Debtor for any such proposed transaction, with such consent to not be unreasonably withheld by the Secured Creditor;

8) Debtor shall provide that Good has visual access to the Dealer Management System ("DMS") at all times, and failure to maintain such visual access to DMS at any time shall be a default under this Final Order; it is further

ORDERED that the Debtor shall file its plan no later than June 24, 2021, and failure to do so is a default under this Final Order; it is further

---

**FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL – Page 7 of 9**
4847-6032-8937.6

ORDERED that this Order is without prejudice to the rights of the Secured Creditors and the Debtor with respect to any other relief they may seek before the Court.

Signed on 5/17/2021

_Brenda T. Rhoades_  YM
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

**AGREED:**

_/s/ Sharon Beausoleil__
Sharon Beausoleil
Foley & Lardner LLP
1000 Louisiana
Suite 2000
Houston, Texas 77002
Counsel for Good Floor Loans LLC


_/s/ Laurie Spindler__
Laurie Spindler
2777 Stemmons Freeway
Suite 1000
Dallas, Texas 75227
Counsel for Dallas County

_/s/ Katherine Battaia Clark__
Katherine Battaia Clark
Thompson & Coburn, LLP
2100 Ross
Suite 600
Dallas, Texas 75201
Sub Chapter V trustee

_/s/ Christopher Arisco__
Christopher Arisco
Padfield & Stout, LLP
420 Throckmorton Street
Suite 1210
Fort Worth, Texas 76201
Counsel for Next Gear Capital, Inc.

_/s/ Eric Liepins__
Eric Liepins
12770 Coit Road
Suite 850
Dallas, Texas 75251
Counsel for Debtor